## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Ganiyu Ayinla Jaiyeola,

                Plaintiff,

v.

Claudia Aguilera, *et al.*,

                Defendants.

_____/

Case No. 24-cv-11693

Judith E. Levy
United States District Judge

Mag. Judge Elizabeth A. Stafford

## OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [14, 19]

Before the Court are Defendants the Honorable Maureen Gottlieb's ("Judge Gottlieb") and Claudia Aguilera's ("Aguilera") separate Motions to Dismiss Under Federal Rule of Civil Procedure 12(b)(1), (3), and (6), or Alternatively, to Transfer Venue to the United States District Court for the Western District of Michigan (collectively, "Motions to Dismiss"). (ECF Nos. 14, 19.) For the reasons set forth below, the Motions to Dismiss are granted.

## I.      Background

Plaintiff Ganiyu Ayinla Jaiyeola, who is pro se, filed the original complaint in this litigation on June 28, 2024, naming Claudia Aguilera as Defendant. (ECF No. 1.) His claims arise out of a divorce case in which he is a defendant, which is in Kent County Circuit Court in Grand Rapids, Michigan. (*Id.* at PageID.1.) Aguilera is "a Case Manager at the Kent County Friend of the Court ('FOC')," which Plaintiff asserts "is the enforcement and investigative arm of the 17th Circuit Court Family Division, Kent County, Grand Rapids, Michigan." (*Id.* at PageID.1–2.) Plaintiff, a California resident, did not appear in person for a contempt hearing for failure to pay child support ("contempt hearing") in Kent County Circuit Court on June 26, 2024, and a bench warrant was subsequently issued for his arrest. (*Id.* at PageID.3.)

Plaintiff states that the Kent County Circuit Court denied a motion he filed to cancel the contempt hearing. (*Id.* at PageID.2.) Plaintiff also asserts that the Kent County Circuit Court denied his requests to attend the meeting remotely, some of which were based on his medical condition. (*Id.* at PageID.3.) He alleges a violation of his due process rights under the Fourteenth Amendment and seeks declaratory and injunctive relief,

including "a temporary restraining order and/or preliminary injunction, followed by a permanent injunction, enjoining the Defendant from serving a Bench Warrant for the arrest of Plaintiff." (ECF No. 1, PageID.5.) On the same day Plaintiff filed his complaint, he also filed a motion for a temporary restraining order "precluding Defendant Aguilera from serving a Bench Warrant for the arrest of Jaiyeola because Jaiyeola did not attend the Contempt hearing at the Family Court in Michigan on June 26, 2024." (ECF No. 3, PageID.42.)

On July 15, 2024, Plaintiff amended his complaint ("First Amended Complaint") to add Judge Maureen Gottlieb, the judge in his divorce case, as a defendant in her individual capacity. (ECF No. 11, PageID.59.) He provided further information about the background of his lawsuit, as well as his interactions with employees of the FOC. (*Id.* at PageID.61–67.) Plaintiff also added a First Amendment retaliation claim and a request for injunctive relief against the Social Security Administration's garnishment of Plaintiff's income. (*Id.* at PageID.68–70.) On the same day Plaintiff filed his First Amended Complaint, he filed a second motion for a temporary restraining order that aligned with his requested relief in the First Amended Complaint. (ECF No. 12.)

Defendants filed the separate Motions to Dismiss the First Amended Complaint under Federal Rule of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6) or, in the alternative, to transfer the case to the United States District Court for the Western District of Michigan.[1] (ECF Nos. 14, 19.) Plaintiff responded (ECF Nos. 24, 25), and Defendants replied. (ECF Nos. 30, 31.)

The Court subsequently issued an order to show cause why the case should not be dismissed due to improper venue. (ECF No. 38.) It noted that a separate lawsuit filed by Plaintiff in this district, which arose out of the same divorce case in Kent County, had been dismissed due to improper venue. (*Id.* at PageID.688.) Because the reasoning of the order dismissing Plaintiff's other lawsuit in the Eastern District of Michigan appeared to apply to this litigation, Plaintiff was ordered to show cause

---

[1] In addition to Plaintiff's two motions for a temporary restraining order, he has also docketed three filings, styled as motions, which seek judicial notice of events in Plaintiff's divorce case and certain injunctive relief as sanctions against Defendants. (ECF Nos. 20, 32, 35.) The "exercise of judicial power under Article III of the Constitution depends on the existence of a live case or controversy" in response to which the Court can "grant the requested relief." *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009). Because, as set forth below, the First Amended Complaint must be dismissed based on venue and lack of jurisdiction, these further pending motions must be terminated as moot. *See id.*

in writing why this lawsuit should not be dismissed. (*Id.* at PageID.688–689.) Plaintiff responded. (ECF No. 39.)

## II.   Legal Standard

Because Plaintiff is self-represented, the Court construes his pleadings and filings liberally. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings."). There are, however, limits to that leniency, and "pro se plaintiffs are not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). They must meet "basic pleading essentials," including with respect to the invocation of federal jurisdiction. *See Wells v. Brown*, 891 F.2d 591, 593–94 (6th Cir. 1989).

## A.   Venue

Federal Rule of Civil Procedure 12(b)(3) permits a party to seek dismissal due to improper venue. Fed. R. Civ. P. 12(b)(3); *see Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 55 (2013). "[W]hether venue is 'wrong' or 'improper'—is generally governed by 28 U.S.C. § 1391." *Id.*

Section 1391(b)(1) provides for "residential venue," and § 1391(b)(2)

provides for "transactional venue."[2] 14D Charles Alan Wright et al., *Fed.*

*Prac. & Proc. Juris.* § 3804 (4th ed. 2024).

Under § 1391(b)(1)—the residential venue provision—a plaintiff

may bring a case in "a judicial district in which any defendant resides, if

all defendants are residents of the State in which the district is located."

28 U.S.C. § 1391(b)(1). A person is "deemed to reside in the judicial

district in which that person is domiciled." 28 U.S.C. § 1391(c)(1).

Under § 1391(b)(2)—the transactional venue provision—a plaintiff

may bring a case in "a judicial district in which a substantial part of the

events or omissions giving rise to the claim occurred, or a substantial part

---

[2] Section 1391(b)(3) allows a third option for venue that is referred to as "fallback venue." 14D Charles Alan Wright et al., *Fed. Prac. & Proc. Juris.* § 3804 (4th ed. 2024). Under § 1391(b)(3), if there is no district that meets the requirements of residential or transactional venue, a case may be brought in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(3); *see* 14D Charles Alan Wright et al., *Fed. Prac. & Proc. Juris.* § 3804 (4th ed. 2024). "Section 1391(b)(3) applies *only* if there is no federal district that will satisfy either the residential venue or transaction venue provisions." 14D Charles Alan Wright, et al., *Fed. Prac. & Proc. Juris.* § 3806.1 (4th ed. 2024) (emphasis in original); *see* 14D Charles Alan Wright et al., *Fed. Prac. & Proc. Juris.* § 3804 (4th ed. 2024) ("Plaintiff can use Section 1391(b)(3) only when it is impossible to use either of the first two options."). Here, the Western District of Michigan satisfies at least the transactional venue provision, as set forth below. Thus, "the fallback venue provision is absolutely irrelevant." 14D Charles Alan Wright et al., *Fed. Prac. & Proc. Juris.* § 3806.1 (4th ed. 2024).

6

of property that is the subject of the action is situated." 28 U.S.C.
§ 1391(b)(2).

## B.   Younger Abstention

"Rule 12(b)(1) motions to dismiss for lack of subject-matter
jurisdiction generally come in two varieties: a facial attack or a factual
attack." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320,
330 (6th Cir. 2007). When, as is the case here, a defendant does not rely
on disputed facts or ask the Court to weigh evidence to decide
jurisdictional facts, the defendant is presenting a facial attack on
jurisdiction. *See RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d
1125, 1135 (6th Cir. 1996); *see also Golf Vill. N., LLC v. City of Powell*,
338 F. Supp. 3d 700, 704–05 (S.D. Ohio 2018) (construing a motion to
dismiss under Rule 12(b)(1) based on *Younger* abstention as a facial
attack).

A facial attack "questions [] the sufficiency of the pleading." *Rote v.
Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016). "When reviewing
a facial attack, a district court takes the allegations in the complaint as
true." *Global Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807
F.3d 806, 810 (6th Cir. 2015) (quoting *Gentek*, 491 F.3d at 330).

7

"If those allegations establish federal claims, jurisdiction exists." *O'Bryan v. Holy See*, 556 F.3d 361, 376 (6th Cir. 2009). But "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Rote*, 816 F.3d at 387 (quoting *O'Bryan*, 556 F.3d at 376). "This approach is identical to the approach used by the district court when reviewing a motion invoking Federal Rule of Civil Procedure 12(b)(6)." *Glob. Tech., Inc.*, 807 F.3d at 810.

Generally, federal courts must decide cases that are "within the scope of federal jurisdiction," but they are required to abstain under certain circumstances. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013). As the Sixth Circuit has set forth,

> there are a few, often indistinct, classes of cases in which a federal court should decline to exercise that jurisdiction. Among the classes of cases in which abstention is required is that represented by *Younger v. Harris,* 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), and its progeny.

*Sun Refining & Mktg. Co. v. Brennan*, 921 F.2d 635, 639 (6th Cir. 1990). If certain conditions grounded in "notions of comity and deference to state courts necessitated by our federal system" are met, *Younger* abstention applies when federal jurisdiction is invoked to restrain a state-court proceeding. *Id.*

8

## III.   Analysis

Defendants seek dismissal of Plaintiff's claims on multiple grounds. For the reasons set forth below, dismissal without prejudice is proper due to improper venue and because *Younger* abstention applies.

### A.   Improper Venue

Defendants both seek dismissal due to improper venue. (ECF No. 14, PageID.271–272; ECF No. 19, PageID.361.)

The Eastern District of Michigan is not the proper venue for this lawsuit. With respect to § 1391(b)(1), Plaintiff does not allege that Aguilera and Judge Gottlieb, both of whom he sues in their individual capacities, (ECF No. 11, PageID.59), reside in the Eastern District of Michigan. Instead of alleging such a claim, the First Amended Complaint asserts that Aguilera and Judge Gottlieb work in the 17th Circuit Court for the State of Michigan, Grand Rapids, Michigan, which is in the Western District of Michigan. (*Id.*) That Complaint makes no assertions about where they reside. Defendants deny that they are residents of the Eastern District of Michigan. (ECF No. 14, PageID.272; ECF No. 19, PageID.362–363.) In response, Plaintiff asserts that Defendants are residents of the "State of Michigan" rather than the Eastern District of

Michigan. (ECF No. 24, PageID.436; ECF No. 25, PageID.460.) Plaintiff therefore does not meet the residential venue provision for bringing this lawsuit in the Eastern District of Michigan.

With respect to § 1391(b)(2), Plaintiff fails to establish that the events or conduct giving rise to his claims occurred in this District. On the contrary, the First Amended Complaint alleges that the relevant events and conduct occurred in Grand Rapids, Michigan, in the Western District of Michigan. (ECF No. 11, PageID.59–67.) Plaintiff therefore does not meet the transactional venue provision for bringing this lawsuit in the Eastern District of Michigan. Transactional venue is, however, proper in the Western District of Michigan.

In Plaintiff's response to the Court's show cause order related to venue, he argues that because the Eastern and Western District of Michigan are in the same state, venue is proper. (ECF No. 39, PageID.705–06.) He states:

> both the Eastern District of Michigan and Western District of Michigan Courts are in the same State (Michigan); therefore, the State laws of Michigan will apply in the Federal Courts in the Eastern District of Michigan and in the Western District of Michigan. It is therefore elementary that any Federal District Court in the State of Michigan will apply the same Michigan laws in this diversity case. This Court in the

10

Eastern District of Michigan has personal jurisdiction over Gottlieb and Bryan; both Gottlieb and Bryan are citizens of Michigan.

(*Id.*) That argument fails, because it is contrary to the plain text of § 1391(b), which requires courts to analyze the venue of civil actions in relation to "judicial district[s]" not in relation to states.[3] 28 U.S.C. § 1391(b).

Because venue is improper, the question is whether the Court should dismiss the lawsuit or transfer it to the Western District of Michigan. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Transfer is generally favored over dismissal when venue is proper in the transferee district. *Nation v. U.S. Gov't*, 512 F. Supp. 121, 126–27 (S.D. Ohio 1981). Nonetheless, dismissal for improper venue can be appropriate in some

---

[3] Plaintiff's appeals to "pendent venue doctrine" also fail. (ECF No. 39, PageID.702–705.) This doctrine applies in cases where some of the claims at issue are in the proper venue. *Bertz v. Norfolk S. Ry.*, No. 3:03-CV-7011, 2003 WL 21713747, at *1 (N.D. Ohio June 25, 2003). None of Plaintiff's claims are in the proper venue, so the pendent venue doctrine is inapplicable.

cases. *Stanifer v. Brannan*, 564 F.3d 455, 460 (6th Cir. 2009) ("[T]he court was within its discretion to hold that the plaintiff . . . should not be permitted by means of a transfer to 'resurrect a claim which might be lost due to a complete lack of diligence in determining the proper forum in the first place.'"); *Williams v. Riley*, No. 3:08-0170, 2008 WL 1777408, at *2 (M.D. Tenn. Apr. 16, 2008) (dismissing rather than transferring a case filed in the improper venue because of substantive deficiencies with the pro se plaintiff's claims); *Plotzker v. Lamberth*, No. 3:08-cv-00027, 2008 WL 4706255, at *10 (W.D. Va. Oct. 22, 2008) (citing *Nichols v. G.D. Searle & Co.,* 991 F.2d 1195, 1201–02 (4th Cir. 1993)) (dismissing rather than transferring a case filed in the improper venue because the pro se plaintiff "attempted to litigate and re-litigate these claims in various fora" without establishing that his claims had merit and when the proper venue for his claims was foreseeable); *Bell v. United States*, No. 08-2, 2008 WL 698985, at *2 (W.D. Pa. Mar. 13, 2008) (dismissing rather than transferring a case filed in the improper venue because pro se habeas petitioner had a pattern of abusive filing of identical or similar petitions); *In re Letter Rogatory Issued by Second Part of the III Civ. Reg'l Ct. of Jabaquara/Saude Sao Paulo, Braz.*, No. M13–72 (RO), 2001 WL

12

1033611 (S.D.N.Y. Sep. 7, 2001) (denying transfer of application for letter rogatory filed in the improper venue based on the lack of merit of the request). Indeed, dismissal is required when a court lacks subject-matter jurisdiction over a case in the improper venue. *See N.A.A.C.P.-Special Contribution Fund v. Jones*, 732 F. Supp. 791, 797 (N.D. Ohio 1990). As set forth below, subject-matter jurisdiction is lacking in the sense that abstention from exercising jurisdiction pursuant to *Younger* is appropriate. *See Doe v. Lee*, No. 3:21-cv-00809, 2022 WL 1164228, at *3 (M.D. Tenn. Apr. 19, 2022) (citing *Cooper v. Rapp*, No. 2:16-CV-00163, 2016 WL 7337521, at *5 n.6 (S.D. Ohio Dec. 19, 2016), *aff'd*, 702 F. App'x 328 (6th Cir. 2017)) (discussing *Younger* abstention in connection with subject-matter jurisdiction and Federal Rule of Civil Procedure 12(b)(1))); *Courthouse News Serv. v. Parikh*, 630 F. Supp. 3d 894, 897 nn.9–10 (S.D. Ohio 2022) (discussing *Younger* abstention in connection with Federal Rule of Civil Procedure 12(b)(1) as abstaining from the exercise of jurisdiction). Accordingly, dismissal without prejudice pursuant to § 1406(a) is appropriate.

### B.    *Younger* Abstention

Defendants argue that the Court should abstain from exercising jurisdiction over Plaintiff's claims based on the "principles of federalism and comity articulated by *Younger*." (ECF No. 14, PageID.270; ECF No. 19, PageID.360.)

The Supreme Court has set forth that seeking injunctive relief under 42 U.S.C. § 1983 against a state judge raises concerns about "the proper functioning of federal-state relations." *Pulliam v. Allen*, 466 U.S. 522, 539 (1984). That concern must be addressed "as a matter of comity and federalism." *Id.* The *Younger* abstention doctrine addresses just such matters. *Younger*, 401 U.S. at 44.

*Younger* applies in a few circumstances, including "'civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions,' such as contempt orders." *Doe v. Univ. of Ky.*, 860 F.3d 365, 369 (6th Cir. 2017) (quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989)). If such a proceeding is at issue, abstention may be appropriate based on

> (1) whether the underlying proceedings constitute an ongoing state judicial proceeding; (2) whether the proceedings

14

implicate important state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge. Where a review of these considerations suggests that the state court should properly adjudicate the matter, a federal court should abstain and order the federal complaint dismissed. If, however, a plaintiff can demonstrate extraordinary circumstances such as bad faith, harassment, flagrant unconstitutionality, or another unusual circumstance warranting equitable relief, then a federal court may decline to abstain. *See Fieger v. Thomas,* 74 F.3d 740, 750 (6th Cir. 1996).

*Tindall v. Wayne Cnty. Friend of Ct.*, 269 F.3d 533, 538 (6th Cir. 2001) (footnote omitted).

*Younger* abstention is appropriate here. As an initial matter, *Younger* abstention applies to a case like this one, making it appropriate to consider the applicable three-factor test. This lawsuit arises from a civil proceeding intended to further a state-court's ability to perform its judicial function through contempt orders and other processes of compelling compliance with its judgments. *See Univ. of Ky.*, 860 F.3d at 369; *Pennzoil Co. v. Texaco, Inc.*, 48 U.S. 1, 13–14 (1987) (discussing "the importance to the States of enforcing the orders and judgments of their courts," including through contempt proceedings). Plaintiff's claims relate to a state court's enforcement of a child support and spousal

support orders, including through contempt proceedings. (ECF No. 11, PageID.59–67.)

The three-factor test favors abstention. First, there is an ongoing state judicial proceeding. *Nimer v. Litchfield Twp. Bd. of Trs.*, 707 F.3d 699, 701 (2013) ("The first condition for the application of *Younger* abstention is that the state proceeding must be pending on the day the plaintiff sues in federal court—the so-called 'day-of-filing' rule." (citing *Fed. Express Corp. v. Tenn. Pub. Serv. Comm'n,* 925 F.2d 962, 969 (6th Cir. 1991))). Plaintiff's First Amended Complaint refers to unresolved motions, making it clear that his state-court case is ongoing. (ECF No. 11, PageID.66.) He does not deny that his state-court case is ongoing, though he argues that the specific hearings and orders to which he raises objections are in the past. (ECF No. 24, PageID.432–433; ECF No. 25, PageID.456.) However, for purposes of determining whether the first *Younger* factor is met, the question is whether the overall processes of the case are still pending. *See, e.g.*, *Univ. of Ky.*, 860 F.3d at 370; *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995). The underlying state-court proceeding here is not "fully terminated." *See Parker v. Turner*, 626 F.2d 1, 5 (6th Cir. 1980). The first factor is therefore met.

16

Second, the proceedings implicate important state interests. The Sixth Circuit has held that proceedings involving "domestic relations law" are a "paramount state interest." *Mann v. Conlin*, 22 F.3d 100, 106 (6th Cir. 1994) (citing *Parker*, 625 F.2d at 4). The second factor is therefore met.

Third, there is an adequate opportunity for Plaintiff to raise his constitutional claims in the underlying state-court proceeding. The Supreme Court has held that "when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15. Defendants argue that Plaintiff has filed appeals in the underlying state-court case and will be able to do so in the future pursuant to Michigan statute. (ECF No. 14, PageID.269–70; ECF No. 19, PageID.359–60.) Plaintiff's only response is the bare assertion that no "pending" proceeding offers him the opportunity to raise he claims. (ECF No. 24, PageID.433; ECF No. 25, PageID.457.) This conclusory statement is insufficient to defeat the presumption that state procedures afford Plaintiff an adequate remedy. He does not establish

that he lacks an adequate mechanism to present his constitutional claims to Michigan state courts. The third factor is therefore met.

The only remaining question is whether extraordinary circumstances make abstention inappropriate. *Tindall*, 269 F.3d at 538. There are three exceptions to *Younger* where a federal court should not abstain from hearing a case despite *Younger* abstention otherwise being appropriate:

> The first is where "the state proceeding is motivated by a desire to harass or is conducted in bad faith." *Huffman*, 420 U.S. at 611, 95 S. Ct. 1200. The second is where "the challenged statute is flagrantly and patently violative of express constitutional prohibitions." *Moore*, 442 U.S. at 424, 99 S. Ct. 2371 (quoting *Huffman*, 420 U.S. at 611, 95 S. Ct. 1200). And third, the federal court should not abstain where there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125, 95 S. Ct. 1524, 44 L. Ed. 2d 15 (1975).

*Aaron v. O'Connor*, 914 F.3d 1010, 1019 (6th Cir. 2019). "These exceptions have been interpreted narrowly." *Gorenc v. City of Westland*, 72 F. App'x 336, 339 (6th Cir. 2003) (citing *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986)). Plaintiff asserts that the first and third circumstances are present such that abstention is inappropriate. (ECF No. 24, PageID.433; ECF No. 25, PageID.457.) He bears the burden of

18

demonstrating the presence of such circumstances. *See Squire v. Coughlan*, 469 F.3d 551, 557 (6th Cir. 2006).

Cases involving the first exceptional circumstance—proceedings motivated by a desire to harass or conducted in bad faith—are "exceedingly rare." *Tindall*, 269 F.3d at 539. Such circumstances are present when—despite it being unlikely that a legal process will yield a valid result—a defendant makes repeated threats of enforcement that are intended to discourage someone from asserting their rights. *See Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996).

In his responses to the Motions to Dismiss, Plaintiff does not demonstrate that there is any harassment or bad faith motivating Defendants' conduct. Instead, Plaintiff offers conclusory assertions. He states that the contempt hearing was motivated to harass or was conducted in bad faith. (ECF No. 24, PageID.433; ECF No. 25, PageID.457.) He elsewhere asserts that the bench warrant for his arrest and garnishment order are "objective evidence" of Defendants' vindictiveness.[4] (ECF No. 24, PageID.425; ECF No. 25, PageID.446.)

---

[4] Plaintiff has filed several motions seeking judicial notice of certain evidence, in addition to requesting other actions from the Court. (ECF Nos. 20, 32, 35.) These are presented separately from Plaintiff's response to the Motions to Dismiss. As

Plaintiff's procedural objections to the contempt hearing and the state court's subsequent enforcement of its orders, as described in his First Amended Complaint and his responses to the Motions to Dismiss, are insufficient to demonstrate the "exceedingly rare" circumstance of motivation to harass or bad faith conduct in an underlying state-court proceeding.[5] *Tindall*, 269 F.3d at 539.

---

discussed above, because the First Amended Complaint must be dismissed, these motions are moot. Furthermore, even if the Court considered some of the arguments presented in these motions in the context of Plaintiff's claims of harassment and bad faith, it would not justify finding an exception to *Younger* abstention. In one such motion, Plaintiff asserts that he "felt harassed" by an email reminding him of a bench warrant. (ECF No. 20, PageID.370.) In another filing, he argues that Judge Gottlieb should be presumed to be vindictive, because she denied a motion to postpone a divorce judgment hearing due to inclement weather and did not offer him the option to use Zoom to attend that hearing. (ECF No. 32, PageID.542.) A third filing involves Plaintiff's objections to his opposing counsel in the underlying state-court case being permitted to "write the Divorce Judgment, the Child Support Order, and the Spousal Support Order." (ECF No. 35, PageID.596.) Even if the Court considered this evidence in the context of the Motions to Dismiss, none of it supports a finding of harassment or bad faith with respect to the claims at issue in this lawsuit, which revolve around other aspects of the state-court litigation. Nor do the allegations and documents presented in these motions present the rare circumstances where the bad-faith exception to *Younger* abstention applies. *Tindall*, 269 F.3d at 539; *Fieger*, 74 F.3d at 750.

[5] A circumstance involving the motivation to harass or to engage in conduct in bad faith is particularly unlikely to be present when a plaintiff has not utilized state-court appellate processes in response to alleged harassment or bad faith. *Tindall*, 269 F.3d at 539. Plaintiff does not state that he has raised claims of bad faith and harassment through the appellate processes of the Michigan state court system. Plaintiff has made a misconduct complaint against Aguilera to the Chief Judge of the 17th Circuit Court Family Division related to the scheduling of the show cause

Plaintiff also asserts that there is an extraordinary and pressing need for equitable relief, the third exception to *Younger* abstention. (ECF No. 24, PageID.433; ECF No. 25, PageID.457) The Supreme Court has explained that this exception applies only if the state-court system is "incapable of fairly and fully adjudicating the [relevant] federal issues." *Kugler*, 421 U.S. at 124; *see also Formosa v. Lee*, No. 23-5296, 2024 WL 113788, at *3 (6th Cir. January 10, 2024). Plaintiff does not attempt to show that the Michigan state court system cannot provide a fair forum or is otherwise incapable of adjudicating his claims. *See id*. As set forth above, he has not pursued his claims by appealing through the Michigan state courts, which further undermines any contention that the Michigan state courts are unable to address Plaintiff's federal law claims. Plaintiff has therefore not demonstrated that there is an extraordinary and pressing need for equitable relief. None of the *Younger* exceptions apply, so abstention is appropriate.

---

hearing. (ECF No. 11, PageID.66; ECF No. 11-1, PageID.203–219.) That apparently unresolved complaint does not constitute an attempt to utilize the Michigan court system's appellate processes. At any rate, Plaintiff generally fails to establish harassment or bad faith. His decision not to pursue these claims in Michigan state court on appeal further supports that conclusion.

Additionally, the Sixth Circuit has held that with respect to state civil contempt hearings for failure to pay child support "the federal courts, absent 'extraordinary circumstances,' must abstain from granting declaratory or injunctive relief because doing so would involve unduly intrusive interference with, and monitoring of, the day-to-day conduct of state hearings and trials." *Sevier v. Turner*, 742 F.2d 262, 270 (6th Cir. 1984) (citing *Parker*, 626 F.2d at 7–8); *see also Tindall*, 269 F.3d at 539. As the Sixth Circuit has set forth, the concerns underlying *Younger* are triggered when, in a case involving "child support issues," a party invokes a federal court's jurisdiction in order "to regulate 'the day-to-day conduct of state hearings,' assess the constitutionality of procedures used in those hearings, or opine on the merits of the child support determination." *Alexander v. Rosen*, 804 F.3d 1203, 1207 (6th Cir. 2015) (collecting cases). In *Tindall*, the Sixth Circuit held that *Younger* abstention was appropriate where, along with bringing other claims, the plaintiff sought declaratory and injunctive relief in response to the procedures used by a Michigan state court and the Friend of the Court to initiate contempt proceedings and the procedures for issuing bench warrants. *Tindall*, 269 F.3d at 537–38, 540. The First Amended Complaint states that it arises

22

out of child and spousal support payments in a divorce case. (ECF No. 11, PageID.58.) Plaintiff seeks declaratory and injunctive relief that pertains to the scheduling of contempt hearings in state court, the issuance of bench warrants for failure to appear at contempt hearings, and the garnishment of social security benefits arising from a child support order. (*Id.* at PageID.69–70.) Requests for such relief ask the Court to regulate the state court's conduct and assess the constitutionality of its procedures in the context of "civil contempt hearing[s] stemming from the nonpayment of child support." *Tindall*, 269 F.3d at 539 (cleaned up). As a result, not only do the factors supporting *Younger* abstention apply, but the Sixth Circuit has set forth the propriety of such abstention in similar cases. Accordingly, *Younger* abstention applies, and the First Amended Complaint must be dismissed. *See id.* at 540.

## IV.   Conclusion

For the reasons set forth above, the Court GRANTS Defendants' Motions to Dismiss. (ECF Nos. 14, 19.) Accordingly, the case is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: January 13, 2025          s/Judith E. Levy
Ann Arbor, Michigan              JUDITH E. LEVY

United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 13, 2025.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager